1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| MIKE REDFORD, | Case No. 11-cv-04145 NC |
|---|---|
| Plaintiff, | **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | |
| IRON PLANET INC. and UNKNOWN SELLER, INC., | Re: Dkt. Nos. 1, 9, 12 |
| Defendants. | |

Redford, appearing pro se, brings this action for violations of "interstate commerce law" and the "uniform commercial code." Because Redford has not established that the Court has subject matter jurisdiction over this action, the action is DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

In the complaint, Redford alleges that he purchased a T300 trencher through an Iron Planet auction and that defendants "fraudulently connived to interfere with [his] right to take delivery of his trencher T300" in violation of "interstate commerce law" and the "uniform commercial code." Compl. at 1-2, Dkt. No. 1. Redford further alleges that defendants' actions violated his "state and federal guaranteed constitutional rights against discrimination in interstate commerce, contrary to U.S.C.A. first and fourteenth." *Id.* at 2. Redford attaches to his complaint

a transportation release for the trencher he purchased from Iron Planet and several checks signed by him and made out to Ghanem Forwarding LLC and Africa City USA. *Id.*, Ex. A-C. Redford seeks actual damages of approximately $13,000 and $1 million in punitive damages. *Id.* at 7. Redford consented to the jurisdiction of a magistrate judge under 28 U.S.C. § 636(c). Dkt. No. 6.

On February 2, 2012, the Court issued an order to show cause ("OSC") why this action should not be dismissed for lack of subject matter jurisdiction. OSC, Dkt. No. 9. Redford responded to this order on February 24, 2012. Resp. to OSC, Dkt. No. 12. Redford's response contains only one relevant allegation to the question of whether the Court has subject matter jurisdiction over this action, which is that "[t]his Court has both the personal and subject matter jurisdictions of this issue" because "defendants are residents of Alameda County." *Id.* at 3.

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). A federal court may dismiss an action on its own motion if it finds that it lacks subject matter jurisdiction over the action. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir. 1983) (noting that "a federal court may dismiss sua sponte if jurisdiction is lacking"); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A court, however, "has an obligation to warn the plaintiff that dismissal is imminent." *Oliva v. Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992). A court may not dismiss an action without leave to amend unless it is clear that "the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

//

Case No. 11-cv-04145 NC
ORDER DISMISSING CASE
FOR LACK OF JURISDICTION

2

## III. DISCUSSION

Here, the Court warned Redford of the likelihood of dismissal for lack of subject matter jurisdiction in its order to show cause. *See* OSC at 2 ("[B]y February 22, 2012, Redford must show cause why this action should not be dismissed for lack of subject matter jurisdiction."). In the complaint and in his response to this order, Redford fails to meet his burden to establish that the Court has subject matter jurisdiction over this action under either 28 U.S.C. §§ 1331 or 1332.

### A. The Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1331

The Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1331, because Redford's allegations are not sufficient to show that his claims arise under federal law. Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "For a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citation and internal quotation marks omitted). Here, Redford fails to establish either of these elements. Because Redford's claims arise out of defendants' alleged interference with the delivery of the trencher Redford purchased from Iron Planet, it appears that state law, as opposed to federal law, creates the cause of action alleged in the complaint. Redford's references to the rights and duties created by the uniform commercial code with respect to the purchase and delivery of goods also support the inference that Redford's claims arise out of state law.

No reasonable interpretation of Redford's allegations supports the conclusion that Redford's claims against defendants arise out of federal law. Redford alleges that defendants violated his "constitutional rights against discrimination in interstate commerce, contrary to U.S.C.A. first and fourteenth." Compl. at 2. Even assuming that Redford's references to "U.S.C.A. first and fourteenth" are meant to assert violations of his rights under the First and Fourteenth Amendments of the Constitution, these assertions would still be insufficient to establish that his claims arise out of federal law because his constitutional claims would be "too insubstantial" based on the facts he alleges in the complaint. *See Cook v. Peter Kiewit Sons Co.*,

775 F.2d 1030, 1035 (9th Cir. 1985) ("Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider.") (citation omitted).

When a plaintiff's claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court," the court must dismiss the action without prejudice for lack of subject matter jurisdiction. *Id.* (noting that "a substantiality doctrine dismissal does not operate as a judgment on the merits and thus allows a plaintiff the opportunity to seek relief in state court or to assert a claim for which the federal courts have jurisdiction") (citation and internal quotation marks omitted). For example, in *Franklin v. State of Oregon*, the Ninth Circuit affirmed a district court's dismissal for lack of subject matter jurisdiction of a plaintiff's constitutional claims against prison officials based on allegations that the taking of two x-rays as opposed to one x-ray by the prison clinic was against the plaintiff's religion. 662 F.2d 1337, 1344 (9th Cir. 1981). The Ninth Circuit found that the claims were properly dismissed under the substantiality doctrine because the "complaint does not allege any facts that support federal jurisdiction." *Id.*

Here, the complaint likewise fails to allege any facts that support federal jurisdiction. First, claims under the First and Fourteenth Amendments can be brought against governmental actors only, and Redford does not allege that defendants are governmental actors. *See Miller v. California*, 413 U.S. 15, 44 (1973) (noting that "it is only state or governmental action against which the First Amendment, applicable to the States by virtue of the Fourteenth, raises a ban"); *Bd. of Tr. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 368 (2001) (noting that the "Fourteenth Amendment applies only to actions committed "under color of state law'"). Second, the facts that Redford alleges support a claim for breach of contract, and the Court is unaware of any case in which a plaintiff properly invoked the protections of the First or Fourteenth Amendments based on a breach-of-contract claim against a private actor.

**B.      The Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1332**

The Court also lacks subject matter jurisdiction over this action under 28 U.S.C. § 1332, because Redford does not allege sufficient facts to show that complete diversity between the

Case No. 11-cv-04145 NC
ORDER DISMISSING CASE                   4
FOR LACK OF JURISDICTION

parties exists or that the amount in controversy exceeds $75,000. Redford has the burden of alleging the essential elements of diversity jurisdiction in his complaint. *See Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) ("The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings.") (citations and internal quotation marks omitted).

Redford fails to show that complete diversity of citizenship exists as required by 28 U.S.C. § 1332. Redford alleges that defendants are residents of Alameda County, California. Compl. at 6; Resp. to OSC at 3. Redford, however, does not allege the place of his domicile in the complaint. Redford also does not allege the place of his domicile in his response to the Court's order to show cause even though the Court noted in that order that this deficiency could subject this action to dismissal. *See* OSC at 2 ("Redford alleges that defendants are residents of Alameda County, California, but does not allege the state in which he was domiciled at the time he filed this action.").

Redford also fails to show that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332. Redford seeks approximately $13,000 in actual damages and $1 million in punitive damages. Compl. at 7. The Court declines to consider the amount of punitive damages claimed by Redford for the purposes of determining whether diversity jurisdiction exists for two reasons. First, Redford's claim for punitive damages appears to have been asserted primarily for the purpose of conferring jurisdiction, as it is almost seventy-seven times the amount of actual damages claimed in the complaint. *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (9th Cir. 1993) ("When it appears that . . . a claim [for punitive damages] comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny.").

Second, the nature of Redford's claims suggest that he is not entitled to damages as a matter of law; his claims appear to arise out of defendants' breach of a contract between the parties, and punitive damages generally are not available for breach-of-contract claims. *See id.* (holding that "when a claim for punitive damages is patently frivolous and without foundation because such damages are unavailable as a matter of law, that claim must be stricken from the

amount in controversy."); *Barnes v. Gorman*, 536 U.S. 181, 187-88 (2002) (noting that "punitive damages, unlike compensatory damages and injunction, are generally not available for breach of contract"). Accordingly, the Court finds that the amount in controversy is approximately $13,000 and that it will not approach $75,000 in any event. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) (holding that "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed").

## IV. CONCLUSION

As Redford has not established that this Court has subject matter jurisdiction over this action, the action is DISMISSED WITHOUT PREJUDICE. Redford may re-file his claims in state court.

IT IS SO ORDERED.

Date: May 3, 2012

Nathanael M. Cousins
United States Magistrate Judge